IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, et al., | ) ) ) ) | No. 8:24-cv-2942-ACR |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MOTION FOR LEAVE TO FILE AN** ***AMICUS CURIAE*** **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7(o)(2), Sierra Club and Chesapeake Climate Action Network ("CCAN") respectfully move this court for leave to file the attached *amicus curiae* brief in support of Defendant's pending Motion for Summary Judgment. Defendant and Plaintiffs do not oppose the filing of this motion.

No party's counsel authored the attached proposed *amicus curiae* brief in whole or in part, and no party or its counsel contributed money to fund the preparation or submission of the attached proposed *amicus curiae* brief.

*Amicus* Sierra Club is a national grassroots environmental organization with more than 617,000 members nationwide, including over 2,250 members in the District of Columbia. Sierra Club's Building Electrification campaign endeavors to educate the public about the health harms caused by burning methane gas in homes, offices, and federal buildings and advocates for policies that protect against such harms. Sierra Club played an active role in supporting the passage of the Clean Energy D.C. Building Code Amendment Act of 2022 ("Clean Buildings Act"), which is at issue in this case, and filed an *amicus* brief in support of the City of Berkeley in *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

*Amicus* Chesapeake Climate Action Network ("CCAN") is a grassroots organization dedicated exclusively to fighting for bold and just solutions to climate change in the Chesapeake region of Maryland, Virginia, and Washington, D.C. CCAN has 7,800 members in the District of Columbia, and was an ardent supporter of the passage of the Clean Buildings Act.

The decision on whether to allow a non-party to participate as an *amicus* is solely within the broad discretion of the court. *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. 841, 845 (D.D.C. 1996). This court will normally allow the participation of *amici* when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1064 (7th Cir.1997)). Generally, a court may grant leave to appear as *amicus* if the information is timely and useful. *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. at 845.

As described above, Sierra Club and CCAN are poised to provide unique information and perspective on the issues in this case. Sierra Club and CCAN have been actively highlighting the public health threats of gas combustion. In November 2024, Sierra Club worked with local partners to release a report on indoor air quality testing in nearly 700 kitchens across the Washington, D.C. metro area with gas stoves.[1] In nearly-two thirds of the kitchens tested, the study found significantly elevated levels of nitrogen oxide—well in excess of the federal health-based standard for outdoor air.[2] Nitrogen oxide, which is a harmful respiratory irritant in its own

---

[1] Beyond Gas, *Cooking Up Danger* (Nov. 2024), *available at* https://beyondgasdc.org/cooking-up-danger-community-study-reveals-hazardous-nitrogen-dioxide-levels-in-dc-and-maryland-kitchens/. This study also highlighted the unpredictability of gas pollution. In some cases, turning on a kitchen fan unexpectedly increased nitrogen oxide emissions, and nitrogen dioxide levels were often even higher in upstairs bedrooms than in the kitchens themselves. *Id*. at 10.
[2] *Id.* at 3.

right, is also a precursor to ozone (also called smog). Both Sierra Club and CCAN have issued reports demonstrating the significant contribution of gas combustion in buildings to outdoor air pollution from nitrogen oxide.[3]

Sierra Club and CCAN are also engaged in multiple administrative and legislative efforts to regulate District residents' exposure to harmful air pollution from gas combustion. Sierra Club and CCAN have filed comments with the District of Columbia Public Service Commission in support of long-term planning to wind down the gas system.

In states including California, Colorado and Maryland, Sierra Club and/or CCAN have been permitted to file *amicus* briefs or have intervened in support of state and local governments' efforts to exercise their traditional police powers to protect public health and safety by regulating the combustion of gas in homes and buildings. Sierra Club and CCAN have an interest in ensuring that the Energy Policy and Conservation Act is not misinterpreted to thwart the ability of the District of Columbia, other localities, or states to safeguard their residents.

Accordingly, Sierra Club and CCAN have "unique information or perspective that can help the court . . . [.]" *Jin* 557 F. Supp. 2d at 137. Given the expertise derived from the above-described efforts, Sierra Club and CCAN are ideally situated to provide this court with information that is both "timely and useful," *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. at 845, regarding the public health basis for Defendant's promulgation of the Clean Buildings Act pursuant to the District's police power.

---

[3] Sonoma Technology, *Ozone Impacts from Building Combustion Sources on Nonattainment Areas in Maryland* (Sept. 25, 2024), *available at* https://www.sierraclub.org/sites/default/files/2024-11/md_buildingso3_final.pdf; *see also* CASA, Chesapeake Climate Action Network, Green & Healthy Homes Initiative, RMI, *Cutting Through the Smog* (Sept. 2023), *available at* https://www.greenandhealthyhomes.org/wp-content/uploads/MD-NOx-Report-_V12_unembargoed.pdf

## CONCLUSION

For the foregoing reasons, this court should grant Sierra Club's and Chesapeake Climate Action Network's Motion for leave to file an *amicus curiae* brief.

Dated: June 4, 2025                                  Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Timothy R. Oberleiton*
Timothy R. Oberleiton (D.C. Bar No. 1617107)
Earthjustice
1001 G St. NW
Washington, D.C. 20001
(202) 793-5820
toberleiton@earthjustice.org

*Counsel for Amici Curiae*

</div>

## CERTIFICATE OF SERVICE

  I, Timothy R. Oberleiton, hereby certify that on June 4, 2025, I caused a true and correct copy of the foregoing Motion for Leave to File an *Amicus Curiae* Brief in in Support of Defendant's Motion for Summary Judgment to be served on counsel for all parties via the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

Dated: June 4, 2025                  /s/ *Timothy R. Oberleiton*
                              Timothy R. Oberleiton